## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHARLES JACKSON,
    Petitioner,

vs.

ERNIE MOORE, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-507

Barrett, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  This case is now before the Court upon the petition (Doc. 3), respondent's return of writ and exhibits thereto (Doc. 9), and petitioner's reply to the return of writ. (Doc. 12).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In 2004, the Hamilton County Grand Jury issued four separate indictments against petitioner stemming from his robberies of four different Family Dollar Stores located in the greater Cincinnati area. (*See* Doc. 9, Exhibit 20 at 2).

In case number B-0312250, the Grand Jury indicted petitioner on two counts of kidnapping as defined in Ohio Revised Code Section 2905.01(A)(2), each with two firearm specifications; two counts of robbery as defined in Ohio Revised Code Section 2911.02(A)(2); and one count of aggravated robbery as defined in Ohio Revised Code Section 2911.01(A)(1), with two firearm specifications. (Doc. 9, Exhibit 1).

In case number B-0400020, the Grand Jury indicted petitioner on one count of aggravated robbery with two firearm specifications and one count of robbery. (Doc. 9, Exhibit 2).

In case number B-0400216, the Grand Jury indicted petitioner on two counts of kidnapping as defined in the Ohio Revised Code Section 2905.01(A)(2); one count of robbery as defined in the Ohio Revised Code Section 2911.02(A)(2); and two counts of robbery as defined in the Ohio Revised Code Section 2911.02(A)(3). (Doc. 9, Exhibit 3).

In case number B-0400059, the Grand Jury indicted petitioner on one count of aggravated robbery with two firearm specifications and two counts of robbery. (Doc. 9, Exhibit 4).

Upon motion of the State, all of the indictments were consolidated for trial. (Doc. 9, Exhibit 5). A jury found petitioner guilty of all charges. (Doc. 9, Exhibits 6, 7, 8 and 9; Doc. 9, Exhibit 40, Vol. 12 at Tr. 950-958). On November 22, 2004, the court sentenced petitioner to an aggregate sentence of thirty-seven years. (Doc. 9, Exhibits 10, 11, 12 and 13, Case Nos. B-0312250, B-0400020, B-0400216 and B-0400059; Doc. 9, Exhibit 40, Vol. 13 at Tr. 975-982).

## Direct Appeal

With the assistance of new counsel, petitioner appealed to the Ohio Court of Appeals, First Appellate District. (Doc. 9, Exhibits 14-17).[1] Petitioner raised the following assignments of error:

1. The evidence was insufficient as a matter of law and or against the manifest weight of the evidence to sustain appellant's convictions for aggravated robbery, robbery, kidnapping and specifications set forth in the indictments.

2. The trial court erred as a matter of law by improperly sentencing appellant.

    (a) The trial court erred as a matter of law by imposing consecutive sentences as to each indictment without making the requisite findings.

    (b) The trial court improperly sentenced appellant on the gun specifications under trial case number B0312250.

    (c) The trial court erred as a matter of law by not advising appellant of

---

[1] The cases were sua sponte consolidated for appeal. (Doc. 9, Exhibit 20 at 1).

2

post release control.

(Doc. 9, Exhibit 18).

On November 9, 2005, the Ohio Court of Appeals overruled petitioner's first assignment of error, but sustained the second assignment of error and remanded the case for resentencing. (Doc. 9, Exhibit 20).

Petitioner did not appeal to the Ohio Supreme Court.

## Application to Reopen Appeal

On January 12, 2006, petitioner, through appellate counsel, filed an application for reopening of the direct appeal with the Ohio Court of Appeals, First Appellate District. (Doc. 9, Exhibit 21). In that application, filed pursuant to Ohio R. App. P. 26(B), petitioner claimed that his appellate counsel was ineffective for failing to argue the issue of prejudicial joinder of the four indictments for trial. (Doc. 9, Exhibit 21).

On March 26, 2006, the Ohio Court of Appeals denied the application for reopening. (Doc. 9, Exhibit 23). The Court of Appeals held that res judicata precluded the reopening of the appeal because petitioner could have raised the prejudicial joinder issue in an appeal to the Ohio Supreme Court, and the application of res judicata to bar the challenge would not be unjust. *Id.*

Petitioner, pro se, appealed the denial of his application to reopen to the Ohio Supreme Court (Doc. 9, Exhibit 24) and raised the following proposition of law in his memorandum in support:

Appellant Jackson was denied his due process and equal protection right to a fair appeal as of right, pursuant to the due process and equal protection clauses of the United States and Ohio Constitutions, where he was denied his timely filed application to reopen so that his Sixth Amendment right to effective assistance of counsel claim could be raised on direct appeal.

3

(Doc. 9, Exhibit 25). In his memorandum, petitioner specified eight issues that appellate counsel failed to raise on appeal, including the prejudicial joinder issue that was the subject of the motion to reopen the direct appeal. *Id.*

On July 5, 2006, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 9, Exhibit 26).

### Resentencing by trial court

In the meantime, on December 22, 2005, the trial judge resentenced petitioner, imposing the identical aggregate sentence and making the appropriate findings as directed by the Ohio Court of Appeals. (Doc. 9, Exhibits 27-30).

On June 13, 2006, petitioner filed a pro se motion for leave to file a delayed appeal in the Ohio Court of Appeals and raised the following assignments of error:

1. The trial court deprived the defendant-appellant of his absolute right to procedural due process of law where the court refused to impose the shortest prison term as mandated by Ohio Revised Code § 2929.14(B) and making judicial factfinding instead: McMillan v. Pennsylvania, 106 S.Ct. 2411 (1986): Apprendi v. N.J., 120 S.Ct. 2338 (2000); Blakely v. Washington, 124 S.Ct. 2531 (2004); State v. Foster, (2006), 109 Ohio St.3d 1, 845 N.E. 2d 740.

2. Defendant-appellant's sentence is void ab initio where he was never put on notice that his maximum/minimum term of six years was to be enhanced at the sentencing hearing.

3. Defendant-Appellant was deprived of the effective assistance of counsel was (sic) counsel attempted to forfeit the foregoing assignment of errors.

(Doc. 9, Exhibit 31).

On July 20, 2006, the Court of Appeals overruled petitioner's motion for leave to file a delayed appeal because he failed to "provide sufficient reasons for failure to perfect an appeal as of

right." (Doc. 9, Exhibit 33).

On February 12, 2007, petitioner filed a *pro se* notice of appeal and motion for delayed appeal in the Ohio Supreme Court. (Doc. 9, Exhibits 34 and 35). Petitioner asserted that he filed his notice of appeal merely one day late and had provided his motion to the prison for mailing several days before the appeal was due. (Doc. 9, Exhibit 35). On March 28, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal. (Doc. 9, Exhibit 36).

### Federal Habeas Corpus Petition

The instant federal habeas corpus petition alleges four grounds for relief:

**GROUND ONE**: Prejudicial joinder denied due process and equal protection.

Supporting Facts: Petitioner Jackson herein was denied his federal constitutional right to a fair trial where he was subjected to a prejudicial joinder of the charges in violation of the Due Process and Equal Protection Clauses of the United States Constitution.

**GROUND TWO**: Suggestive identification denied due process and equal protection.

Supporting Facts: Petitioner Jackson was subjected to suggestive identification that was impermissible. Failure of trial counsel to move for suppression amounted to ineffective assistance of trial counsel. Failure of appellate counsel to adequately raise on direct appeal as of right amounted to denial of appeal as of right and effective assistance of appellate counsel.

**GROUND THREE**: Illegal sentence in violation of *Blakely* and *Apprendi* as guaranteed by the due process and equal protection clauses.

Supporting Facts: Petitioner was denied due process and equal protection, where the trial court made findings that enhanced sentence without being proven to a jury beyond a reasonable doubt. Also, trial court failed to provide due process notice of extent of charges and actual penalty.

**GROUND FOUR**: Illegal arrest, denial of expert witness and discovery, improper jury instruction and denial of direct appeal as of right and speedy trial.

Supporting Facts: Fatally defective warrant was issued without probable cause.

Denied expert testimony in regards to forensic fingerprint evidence. Exculpatory
evidence excluded from trial as result of ineffective trial counsel to gain discovery.
Jury instruction that petitioner could be found guilty of any of the improperly joined
charges or else not at all improper. Failure to raise constitutional claims and provide
timely notice of judgment was State impediment denying right to appeal as of right.
Denial of speedy trial right, as set forth by Ohio R.C. 2945.71 denied petitioner
protected liberty interest guaranteed by Ohio Speedy trial statutes.

(Doc. 3).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a

presumption of correctness in the absence of clear and convincing evidence to the contrary. 28

U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267

F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those

decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin*

*v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110

Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated

on the merits in state court unless the adjudication either:

1.    resulted in a decision that was contrary to, or involved an unreasonable application
      of, clearly established Federal law, as determined by the Supreme Court of the
      United States; or

2.    resulted in a decision that was based on an unreasonable determination of the facts in
      light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings:
A federal habeas court may issue the writ under the 'contrary to' clause if the state

court applies a rule different from the law set forth in . . . [Supreme Court] cases, or
if it decides a case differently that we have done on a set of materially
indistinguishable facts. The court may grant relief under the 'unreasonable
application' clause if the state court correctly identifies the governing legal principle
from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a
particular case. The focus on the latter inquiry is whether the state court's
application of clearly established federal law is objectively unreasonable . . . and an
unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

Upon review of the entire record, this Court concludes that petitioner has failed to establish

that the findings of the state appellate court are unreasonable as to justify federal habeas corpus

relief. *See Williams v. Taylor*, 529 U.S. 362 (2000).

## III. GROUND ONE OF THE PETITION IS PROCEDURALLY DEFAULTED AND WAIVED.

In recognition of the equal obligation of the state courts to protect the constitutional rights of

criminal defendants, and in order to prevent needless friction between the state and federal courts, a

state defendant with federal constitutional claims must first fairly present those claims to the state

courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. §

2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*,

404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's

highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757

F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he

may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v.*

7

*Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner

files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate

court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to

comply with a state procedural rule that required him to have done something at trial to preserve his

claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a

directed verdict. *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman,* 94

F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the

merits in the state proceeding due to petitioner's failure to raise them as required by state

procedure." *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his

claims through the requisite levels of state appellate review to the state's highest court, or commits

some other procedural default to preclude review of the merits of petitioner's claims by the state's

highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner

to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice

as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989);

*McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099

(6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally

defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to
> the petitioner's claim and that the petitioner failed to comply with the rule; (2) the
> court must determine whether the state courts actually enforced the state procedural
> sanction; (3) it must be decided whether the state procedural forfeiture is an adequate
> and independent state ground upon which the state can rely to foreclose review of a
> federal constitutional claim; and (4) if the court has determined that a state
> procedural rule was not complied with and that the rule was an adequate and
> independent state ground, then the petitioner is required to demonstrate that there
> was cause for him not to follow the procedural rule and that he was actually
> prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In determining whether a state court rested its holding on a procedural default so as to bar

federal habeas review, "the last state court rendering a judgment in the case must have based its

judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)).

Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state

court rendering a decision makes a plain statement to that effect. *Harris*, 489 U.S. at 261. No such

statement is necessary, however, if the petitioner failed to present the relevant issues to the state

court. *Id.* at 263 n. 9; s*ee also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality

opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity

to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal

habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold

the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state

9

court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the instant case, the Court finds that Ground One of the petition is procedurally defaulted and waived. Petitioner procedurally defaulted the prejudicial joinder issue asserted in Ground One because he failed to raise this issue as an independent claim of error to the state appellate court on direct appeal of his conviction and sentence. The Sixth Circuit Court of Appeals has consistently recognized that under Ohio law an issue that is not raised by a petitioner on direct appeal is subsequently barred from subsequent review based on the doctrine of res judicata. *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) (recognizing procedural default of a claim in habeas petition where appellant never raised the claim on direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (finding adequate and independent state procedural rule where new claims raised in his second motion for leave to file a delayed direct appeal were barred by the Ohio Court of Appeals as res judicata because the petitioner had opportunity to raise constitutional claims during delayed direct appeal but failed to do so); *Leroy v. Marshall,* 757 F.2d 94, 100 (6th Cir. 1985) (holding as adequate and independent state grounds the procedural default of claims raised for the first time in a petition for writ of habeas corpus on the basis of res judicata where petitioner failed to raise those claims in his direct appeal to the Ohio Court of Appeals and to the Ohio Supreme Court). Consequently, by failing to raise his prejudicial joinder claim on direct appeal to the state courts, petitioner has waived the claim absent

10

a showing of cause for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

As cause for the procedural default, petitioner asserts his appellate counsel was constitutionally ineffective in failing to assert the prejudicial joinder claim as an assignment of error on direct appeal. Ineffective assistance of appellate counsel may constitute "cause" for a procedural default unless the ineffective assistance of appellate counsel claim was itself procedurally defaulted. *See Murray,* 477 U.S. at 488; *see also Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Burroughs v. Makowski,* 411 F.3d 665, 668 (6th Cir.) (per curiam), *cert. denied,* 126 S.Ct. 653 (2005).

In this case, petitioner procedurally defaulted his ineffective assistance of appellate counsel claims. First, petitioner failed to raise his ineffective assistance of counsel claims with the Supreme Court of Ohio on direct appeal. In Ohio, "[c]laims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution." *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204, 1205 (1992) (paragraph 2, syllabus). Since the issue of ineffective assistance of appellate counsel could have been raised on direct appeal to the Supreme Court of Ohio but was not, res judicata barred any further litigation of the claim.[2] *See Foster v. Money,* 2007 WL 3342725, *14 (N.D. Ohio 2007) (citing *Thompson v. Bradshaw,* No. 1:04-cv-2204, 2007 WL 2080454, *8 (N.D. Ohio July 16, 2007).

---

[2]The Supreme Court of Ohio has stated that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan,* 63 Ohio St.3d 60, 66 584 N.E.2d 1204, 1209 (1992).

11

Second, the Ohio Court of Appeals actually enforced the state procedural bar to any further consideration of this claim when it denied petitioner's application to reopen his direct appeal pursuant to Rule 26(B) on the basis of res judicata. (Doc. 7, Exh. 12). Because the Ohio Supreme Court summarily dismissed petitioner's appeal of the denial of his Rule 26(B) application without comment, the Court must presume that the Ohio Supreme Court relied on the procedural default expressly relied upon by the Ohio Court of Appeals. *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994), citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Third, the procedural bar of res judicata is an adequate and independent state ground upon which the state can rely to foreclose review of petitioner's ineffective assistance of appellate counsel claim. "[T]he Supreme Court of Ohio has repeatedly ruled that even having the ability to raise the issue of ineffective assistance of appellate counsel in the supreme court may properly invoke res judicata to bar an App. R. 26(B) application." *State v. Krzywkowski*, 2003 WL 21356731, *1 (Ohio App. 8 Dist.), citing *State v. Terrell*, 72 Ohio St.3d 247, 648 N.E.2d 1353 (1995); *State v. Dehler*, 73 Ohio St.3d 307, 652 N.E.2d 987 (1995); *State v. Colombo*, 73 Ohio St.3d 306, 652 N.E.2d 987 (1995); *State v. Hill*, 78 Ohio St.3d 174, 677 N.E.2d 337 (1997); *State v. Gillard*, 85 Ohio St.3d 363, 708 N.E.2d 708 (1999). *See also State v. Hutton*, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Cooey*, 99 Ohio St.3d 345, 346, 792 N.E.2d 720, 721 (2003). In addition, Ohio's doctrine of res judicata is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004); *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001);

12

*Byrd v. Collins,* 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001); *Van Hook v. Anderson,* 127 F. Supp.2d 899, 916-917 (S.D. Ohio 2001). Since petitioner has not satisfied the "cause and prejudice" standard with respect to his procedurally defaulted claim of ineffective assistance of appellate counsel, *Carpenter,* 529 U.S. at 453, his ineffective assistance of appellate counsel claim cannot serve as "cause" for his procedural default of his prejudicial joinder claim. As both cause and prejudice must be shown to excuse a procedural default, petitioner's failure to establish cause eliminates the need to consider prejudice. *Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

Petitioner also claims he is actually innocent of the crimes charged and that it would be a fundamental miscarriage of justice not to not consider his prejudicial joinder claim. (Doc. 12 at 8-9). Petitioner has failed to establish a "fundamental miscarriage of justice," that is, that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *cf. Souter v. Jones,* 395 F.3d 577, 597-602 (6th Cir. 2005). The actual innocence exception to the rule barring review of procedurally defaulted claims is premised on new, reliable evidence that was not available to the petitioner at trial. As explained by the Supreme Court:

> Without any new evidence of innocence, even the existence of a concededly
> meritorious constitutional violation is not in itself sufficient to establish a
> miscarriage of justice that would allow a habeas court to reach the merits of a barred
> claim. However, if a petitioner . . . presents evidence of innocence so strong that a
> court cannot have confidence in the outcome of the trial unless the court is also
> satisfied that the trial was free of nonharmless constitutional error, the petitioner
> should be allowed to pass through the gateway and argue the merits of his underlying
> claims.

*Schlup,* 513 U.S. at 316. To establish a credible claim of actual innocence, petitioner must "support

13

his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327-28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States,* 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Here, petitioner fails to present any new evidence of his actual innocence. Rather, he argues that the "[e]vidence of each robbery had [a] cumulative effect in the minds of the jurors that prevented them from making an independent determination of guilt or innocence on each count. Also, joint trial impermissibly interfered with Petitioner Jackson's trial strategy of adequately asserting an alibi towards those respective counts thereby applicable. The exculpatory evidence discoverable by trial counsel included phone transcripts from service provider, employment records, and alibi witness testimony that clearly established that Petitioner Jackson could not have been present at the respective crime scenes at the same time the alibi relevant robberies were alleged." (Doc. 12 at 11). Petitioner does not present any new alibi evidence in connection with his habeas claim, and the alibi evidence he presented at trial was squarely rejected by the jury. *See* Doc. 9,

14

Exhibit 20 at 3. Therefore, petitioner has failed to establish a credible claim of actual innocence to permit federal court review of his procedurally defaulted prejudicial joinder claim asserted in Ground One of the petition.

Accordingly, the undersigned concludes that petitioner is not entitled to habeas relief based on the claim alleged in Ground One of the petition because he has waived such claim of error due to his procedural default.

## IV. GROUND TWO OF THE PETITION IS PROCEDURALLY DEFAULTED AND WAIVED.

Ground Two of the petition asserts that petitioner's constitutional rights were violated when he was subjected to pretrial identification that was impermissibly suggestive. Petitioner alleges that trial counsel was ineffective when he failed to move for suppression of such evidence. Petitioner further alleges that appellate counsel was ineffective when she failed to raise this claim on direct appeal as a claim of error.

First, petitioner's ineffective assistance of trial counsel claim is without merit. Trial counsel did move to suppress the identification (Doc. 9, Exhibit 40, Vol. II, at Tr. 10-102) and the motion was overruled by the trial court. (*Id.* at Tr. 101-102).

Second, petitioner has procedurally defaulted the claims that his pretrial identification was impermissibly suggestive and that trial counsel was deficient in failing to suppress the identification evidence because petitioner failed to raise such claims on direct appeal. *Norris*, 146 F.3d at 332; *Rust v. Zent*, 17 F.3d at 160-61; Leroy, 757 F.2d at 99-100. To the extent he claims that appellate counsel was ineffective for failing to raise such claims on appeal, which petitioner raises as an

15

independent claim and as cause for his default, such claim is likewise procedurally defaulted. Petitioner never argued in his Rule 26(B) application to reopen that appellate counsel was ineffective on the basis of the pretrial identification evidence. (Doc. 9, Exhibit 21). The only claim raised in the Rule 26(B) motion was the prejudicial joinder claim raised in Ground One of the petition. *Id.* By failing to fairly present the federal constitutional claims alleged in Ground Two of the petition to the Ohio Court of Appeals, petitioner committed a procedural default.

Nor did petitioner's assertion of the pretrial identification claim on appeal to the Ohio Supreme Court from the denial of his Rule 26(B) motion preserve this claim for habeas review. (Doc. 9, Exhibit 25 at 4). The pretrial identification claim remains defaulted because the Ohio Supreme Court lacks jurisdiction to consider constitutional claims that a defendant has failed to assert to the Court of Appeals. *See* Ohio Const. art IV, § 2(B)(2); *see also Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983); *State v. Williams*, 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds*, 438 U.S. 911 (1978); *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones*, 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied*, 383 U.S. 918, 951 (1966). Because petitioner failed to provide Ohio's highest state court with an opportunity to correct the alleged constitutional error, he has waived such claims for purposes of federal habeas corpus review in the absence of any showing by him of "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485; *Isaac*, 456 U.S. at 129.

To the extent petitioner argues appellate counsel's ineffectiveness is cause for the procedural

16

default, as explained above, those claims have been procedurally defaulted and may not constitute cause for his other procedural defaults. *Edwards*, 529 U.S. at 452-53. Petitioner has not provided any other explanation as "cause" for his procedural default[3], nor has he established that the actual innocence exception applies in his case. *See supra* at 12-13. Therefore, he has waived his claims challenging the reliability of the pretrial identification and appellate counsel's failure to raise this issue on direct appeal.

Therefore, petitioner is not entitled to habeas relief based on Ground Two of the petition.

## V. GROUND THREE OF THE PETITION IS WITHOUT MERIT

Petitioner's third ground for relief asserts that his Sixth Amendment right to a trial by jury was violated when the trial court enhanced his sentence based on findings made by the trial judge and not the jury in violation of the constitutional principles set forth in *Apprendi v. New Jersey*, 530 U.S. 446 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), and when the trial judge failed to provide "due process notice of extent of charges and actual penalty." (Doc. 3 at 9).

Petitioner raised his *Blakely* sentencing claim in a motion for delayed appeal to the Ohio Court of Appeals. (Doc. 9, Exhibit 31). The Court of Appeals denied the motion on July 20, 2006. (Doc. 9, Exhibit 33).[4] On February 12, 2007, petitioner filed a motion for delayed appeal to the

---

[3]Even assuming petitioner were to argue that appellate counsel was ineffective for not raising the pretrial identification claim in the Rule 26(B) motion to reopen the direct appeal, any ineffectiveness on the part of counsel in this regard does not constitute "cause" excusing the procedural default because petitioner has no constitutional right to counsel in connection with the Ohio Rule 26(B) proceeding which is considered a collateral matter rather than part of direct review process. *Lopez v. Wilson*, 426 F.3d 339, 350 (6th Cir. 2005), overruling *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000). *See Coleman v. Thompson*, 501 U.S. 722, 755-57 (1991).

[4]In *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004), the Sixth Circuit held that Ohio's Appellate Rule 5(A), which governs delayed appeals in the state appellate courts, does not constitute an adequate ground to bar federal habeas corpus review. Thus, this Court's focus is on petitioner's untimely appeal to the Ohio Supreme Court and resulting procedural default.

Ohio Supreme Court pursuant to Ohio Sup. Ct. Prac. R. II § 2(A)(4)(a) explaining why he did not
raise a timely direct appeal. (Doc. 9, Exhibits 34 and 35). On March 28, 2007, the Ohio Supreme
Court denied petitioner's motion for delayed appeal without explanation. (Doc. 9, Exhibit 36).

The Supreme Court of Ohio's denial of petitioner's motion for delayed appeal constitutes an
adequate and independent state ground to preclude federal habeas corpus review. *Bonilla v. Hurley*,
370 F.3d 494, 497(6th Cir.) *(per curiam)*, *cert. denied*, 543 U.S. 989 (2004). Petitioner committed
the same procedural default as that presented in *Bonilla*. In *Bonilla*, the Sixth Circuit held in an
analogous case that the state supreme court's unexplained entry denying a motion for delayed
appeal "constitutes a procedural ruling sufficient to bar federal court review of [the] habeas corpus
petition." 370 F.3d at 497. The *Bonilla* Court found:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the
> date of entry of the judgment being appealed and adequate reasons for the delay."
> Ohio Sup. Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be
> accompanied by a supporting affidavit and a "copy of the decision being appealed."
> *Id.* A motion for a delayed appeal is not required to contain the actual claims and
> supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the
> Supreme Court grants a motion for delayed appeal," is the appellant required to "file
> a memorandum in support of jurisdiction." Ohio Sup. Ct. R. II, Section 2(A)(4)(c).
> Thus, the applicable Ohio court rules indicate that the denial of a motion for a
> delayed appeal is a procedural ruling, not a ruling on the merits.

*Bonilla*, 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). The Sixth Circuit
further explained that "[w]here a state court is entirely silent as to its reasons for denying requested
relief, we assume that the state court would have enforced any applicable procedural bar." *Bonilla*.
370 F.3d at 497 (citing *Simpson v. Sparkman*, 94 F.3d 199 203 (6th Cir. 1996)).

In the instant case, the decision of the Supreme Court of Ohio is likewise silent as to the
reasons for denying petitioner's requested relief. Accordingly, this Court must assume that the state
court would have enforced any applicable procedural bar. *Bonilla*, 370 F.3d at 497. Thus, the

18

Supreme Court of Ohio's denial of petitioner's Ohio S.Ct. Prac. R. II § 2(A)(4)(a) motion for leave to file a delayed appeal is not a ruling on the merits of any claims gratuitously included with the motion for leave. *See Bonilla,* 370 F.3d at 497; *see also Smith v. State of Ohio Dept. of Rehab. and Corr.,* 463 F.3d 426, 431-32 (6th Cir. 2006). Accordingly, Ground Three of the petition is procedurally defaulted and barred from habeas review unless cause and prejudice or a miscarriage or justice excuses the default.

As cause for his untimely filing in the Ohio Supreme Court, petitioner alleges that he presented his appeal documents to the prison mail room on the fortieth day of the 45-day appeal period. (Doc. 12 at 14-15; Doc. 9, Exhibits 34, 35). Petitioner's affidavit in support of his motion for delayed appeal before the Ohio Supreme Court states that he submitted his notice of appeal and relevant documents with the Lebanon Correctional Institution mail room staff on August 29, 2006. Petitioner states that this allowed five days for the notice of appeal to arrive at the Columbus, Ohio Office of the Clerk of the Ohio Supreme Court. (Doc. 9, Exhibit 35, affidavit). Petitioner states that on September 7, 2006, petitioner's notice of appeal and memorandum in support of jurisdiction were returned to him by the Ohio Supreme Court Clerk notifying him that his appeal needed to be received on or before September 5, 2006, but were not, and that the Clerk's Office was prohibited from filing his documents. *(Id.).* Petitioner attributes the late filing of his documents to the prison mail room staff, stating that he submitted his appeal and other documents with the staff such that his appeal should have arrived by September 5, 2006. *(Id.).*

Petitioner has established "cause" for his procedural default in the state courts. "Cause" must be something external to the petitioner and the defense that cannot be fairly attributable to him which prevented petitioner's compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S.

478, 488 (1986); *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). In *Maples*, the Sixth Circuit

determined that a prison official's failure to promptly deliver legal mail which resulted in the pro se

petitioner's application for leave to appeal being one day late constituted cause to excuse the

procedural default:

> Where a pro se prisoner attempts to deliver his petition for mailing in sufficient time
> for it to arrive timely in the normal course of events . . . the rule is sufficient to
> excuse a procedural default based upon a late filing. If the prison had accepted and
> mailed Maples's petition when he first attempted to deliver it–five days before the
> state's deadline–we have no doubt that it would have been timely delivered in the
> normal course of events. Maples has therefore shown cause to excuse his procedural
> default.

340 F.3d at 439. The Court finds the reason proffered by petitioner constitutes "cause" for this

procedural default.

The prejudice resulting from the delayed receipt of petitioner's appeal to the Ohio Supreme

Court is that court's refusal to consider his *Blakely* claim. *Maples*, 340 F.3d at 439. Therefore, the

Court must examine the merits of petitioner's third ground for relief.

After resentencing, petitioner challenged the trial court's imposition of more than the

shortest prison term under Ohio Revised Code § 2929.14(B) based on judicial factfinding in

violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington.* 542 U.S. 296

(2004); and *State v. Foster*, 109 Ohio St.3d 1, 845 N.E. 2d 740 (2006). (Doc. 9, Exhibit 31).

In *Blakely,* the United States Supreme Court held that an enhanced sentence imposed by a

judge under a state's sentencing statute, which was based on facts neither admitted by the defendant

nor found by a jury, violated the Sixth Amendment to the United States Constitution. The

defendant in *Blakely* entered a guilty plea and, pursuant to the plea agreement, the state

recommended a sentence within the standard range of 49 to 53 months. *Id.* at 300. The trial judge

20

rejected the recommended sentence and, instead, imposed an exceptional sentence of 90 months based upon his own finding, by a preponderance of the evidence, that the defendant had acted with "deliberate cruelty." 542 U.S. at 302-304. The Supreme Court reversed the defendant's sentence imposed under the state's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon facts neither admitted to by the defendant nor found by the jury. *Id.* at 303. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244.

The Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme

21

are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the court determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98.

In case number B-0312250, petitioner was sentenced to seven years imprisonment on the aggravated robbery conviction (Count 1, felony one) and three years imprisonment on specification #2 to Count 1. (Doc. 9, Exhibit 10, Exhibit 41, sentencing transcript of December 22, 2005). Counts 2 and 3 were merged with Count 1 for purposes of sentencing. *Id.* Petitioner was sentenced to three years each on the kidnapping convictions (Counts 4 and 5, each felony ones) and the sentences imposed on Counts 4 and 5 were to be served concurrently with the sentence in Count 1 for a total sentence of ten years. *Id.*

In case number B-0400020, petitioner was sentenced to seven years on the aggravated robbery conviction (Count 1, felony one) and three years on specification #2 to Count 1. (Doc. 9, Exhibit 11, Exhibit 41, sentencing transcript of December 22, 2005). Count 2 was merged into Count 1 for sentencing purposes and the remaining specification was merged into specification #2 for a total sentence of ten years. *Id.*

In case number B-0400216, petitioner was sentenced to seven years on the kidnapping conviction (Count 1, felony one). (Doc. 9, Exhibit 12, Exhibit 41, sentencing transcript of December 22, 2005). Petitioner was sentenced to seven years on Count 2 (a felony one) and seven years on Count 3 (a felony two). *Id.* Petitioner was sentenced to fours years each on Counts 4 and 5

22

(both felony threes), with Counts 1 through 5 to be served concurrently with each other for a total sentence of seven years. *Id.*

In case number B-0400059, petitioner was sentenced to seven years imprisonment on the aggravated robbery conviction (Count 1, felony one) and three years on specification #2 to Count 1. (Doc. 9, Exhibit 13, Exhibit 41, sentencing transcript of December 22, 2005). Specification #1 to Count 1 was merged with specification #2 for sentencing purposes and Counts 2 and 3 were merged with Count 1. *Id.*

At the time petitioner was sentenced, Ohio law provided that a first degree felony carried a potential prison term ranging from three to ten years; a second degree felony carried a prison term of two to eight years; and a third degree felony carried a prison term of one to five years. Ohio Rev. Code § 2929.14(A)(1), (2), (3). Section 2929.14 (B) provided in relevant part:

> [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court *shall impose the shortest prison term* authorized for the offense pursuant to division (A) of this section, *unless* one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Ohio Rev. Code § 2929.14 (B)(1), (2) (emphasis added).

In case number B-0312250, petitioner received a prison term of three years on Counts 4 and 5, both felony ones, and therefore was sentenced to the shortest prison term authorized under Section 2929.14(B). Therefore, there is no *Blakely* violation with respect to Counts 4 and 5.

23

In each of the remaining counts in which he received a prison term, petitioner received a term that was neither the shortest nor the longest in the range authorized under the Ohio statute. Therefore, the exceptions to imposing the shortest prison term applied, *i.e.,* that petitioner was serving a prison term at the time of the offense, or previously had served a prison term and/or that the shortest prison term will demean the seriousness of petitioner's conduct or will not adequately protect the public from future crime. Ohio Rev. Code § 2929.14 (B)(1), (2). In imposing these sentences, the trial judge relied on both subsections one and two. Importantly, the trial judge specifically found at both the initial sentencing proceeding and at the resentencing proceeding that petitioner had previously been convicted of robbery and served a prison term in 1997. (Doc. 9, Exhibit 40f, sentencing transcript of November 22, 2004; Exhibit 41, sentencing transcript of December 22, 2005).

In *State v. Lowery*, 160 Ohio App.3d 138, 153, 826 N.E.2d 340, 351-52 (1st Dist. Ohio App. 2005), the Ohio Court of Appeals held that a violation of the right to jury trial under *Blakely* was harmless error where the trial court gave alternative bases for imposing the maximum sentence, and one such basis included the defendant's prior convictions for which *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) and *Blakely* created an exception, to wit: "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 301 (emphasis added).

*Blakely* confirms that prior criminal convictions are an exception to its holding. *Blakely,* 542 U.S. at 301; *see also Jones v. United States,* 526 U.S. 227, 243 n. 6 (1999) (explaining that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth

Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); *Almendarez-Torres v. United States,* 523 U.S. 224, 243-44 (1998) (holding that recidivism does not qualify as an element of the crime to be proven beyond a reasonable doubt although it may be employed as a means to enhance a defendant's maximum penalty); *Oyler v. Boles,* 368 U.S. 448, 451 (1962) ("[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge."). A sentencing court's "reliance on a prior conviction not proved to a jury does not violate *Blakely* because the United States Supreme Court created an exception when it decided *Apprendi v. New Jersey,* 530 U.S. 466 (2000)." *Parker v. Moore*, Case No. 1:07-cv-248, 2008 WL 2323780, *1 (S.D. Ohio 2008)(Spiegel, J.). *See also Warren v. Warden, Noble Correctional Inst.,* Case No. 1:06-cv-534, 2008 WL 1732976, 5 (S.D. Ohio 2008) (Barrett, J.) (no *Blakely* violation where petitioner's prior conviction falls under the exception to *Apprendi* and *Blakely*).

A review of the sentencing transcripts in this case show that petitioner's non-minimum sentences were based not only on the alternative findings set forth in Section 2929.14(B)(2), but on petitioner's previous conviction and prison term. (Doc. 9, Exhibit 40, Vol. 12 at Tr. 975, sentencing transcript of November 22, 2004: "I considered the fact that this defendant was convicted of robbery and served a prison sentence in 1997."); (Doc. 9, Exhibit 41 at Tr. 5, 11, 14, 19, sentencing transcript of December 22, 2005: "This offender has served prior prison terms for a similar offense."). Thus, petitioner's sentences were enhanced, at least in part, because of his prior felony conviction and prison term, which are facts that need not be found by a jury. *Blakely,* 542 U.S. at 301. Petitioner's sentences were within the sentences that may be imposed upon a defendant with

25

prior convictions as set forth in Ohio Rev. Code § 2929.14(A) and (B). Accordingly, the trial court's use of petitioner's prior conviction to enhance his sentence was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Rather, it was entirely consistent with the holdings of *Blakely, Apprendi,* and *Amendarez-Torres.* Thus, petitioner's *Blakely* claim is without merit.[5]

## VI. GROUND FOUR OF THE PETITION IS PROCEDURALLY DEFAULTED AND WAIVED.

Ground Four of the petition challenges petitioner's "[i]llegal arrest, denial of expert witness and discovery, improper jury instruction and denial of direct appeal as of right and speedy trial." (Doc. 3 at 10). Petitioner procedurally defaulted each of these claims because he failed to raise them as assignments of error on direct appeal. *See supra* at p. 10. Petitioner's claim of ineffective assistance of appellate counsel does not constitute "cause" for the procedural default because, as explained above, that claim was also procedurally defaulted and waived and petitioner failed to establish he was actually innocent of the crimes committed. *See supra* at 11-15. Accordingly, petitioner has waived the claims asserted in Ground Four of the petition.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be

---

[5]The Court also notes that the three year prison terms petitioner received on the firearm specifications do not violate *Blakely* because the three year terms were mandatory and no judicial factfinding was required for the imposition of these sentences. *See* Ohio Rev. Code § 2929.14(D)(1)(a)(ii) and § 2941.145; *State v. Rodgers,* 2007 WL 949443, 6 (Ohio App. 10 Dist. 2007); *State v. McDonald,* 2006 WL 1381525, 1 (Ohio App. 11 Dist. 2006). *See also Cooper v. Hudson,* 2008 WL 2001282, *9, n. 9 (N.D. Ohio May 5, 2008) (mandatory three-year term on firearm specification poses no *Blakely* problem).

DENIED with prejudice.

2. A certificate of appealability should not issue with respect to Grounds One, Two and Four of the petition which this Court has concluded are waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[6]  A certificate of appealability should not issue with respect to Ground Three of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _____

Timothy S. Hogan
United States Magistrate Judge

---

[6] Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack,* 529 U.S. at 484.

27

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES JACKSON,
    Petitioner,

vs.

ERNIE MOORE, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-507

Barrett, J.
Hogan, M.J.

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

Charles Jackson
A 486023
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH   45036

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0710 0000 8134 4392

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540

1:07cv507   Doc.13