# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES JACKSON,
    Petitioner,

vs.

ERNIE MOORE, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-507

Barrett, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion to stay habeas proceedings (Doc. 19) and respondent's memorandum in opposition. (Doc. 20).

Petitioner seeks a stay of this habeas corpus proceeding to allow him to pursue relief in the state courts on a claim that his indictment was defective based on a decision by the Supreme Court of Ohio on April 9, 2008–*State v. Colon,* 118 Ohio St.3d 26, 885 N.E.2d 917 (2008) ("*Colon I*"). Specifically, petitioner seeks to pursue a claim based on the state supreme court's holding in *Colon I* that a defective indictment which omitted the essential *mens rea* element of a robbery offense under Ohio Rev. Code § 2911.02(A)(2) resulted in "structural error" that can be raised as an issue for the first time on appeal. (Doc. 19). Respondent opposes petitioner's motion for stay. (Doc. 20). For the reasons that follow, petitioner's motion should be denied.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless

friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Supreme Court of Ohio. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance"

procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

Recently, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines,* 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

It is petitioner's position that a stay of the instant action is appropriate because he wishes to pursue a claim for relief in the state courts based on the Supreme Court of Ohio's decision in *Colon I*, which was decided in April 2008. Although petitioner has not alleged any claim based on *Colon I* as a ground for relief in his petition, he points out that in another analogous habeas case, the magistrate judge ordered the proceedings stayed despite this omission because the petitioner could seek leave to amend the petition to add the "defective indictment" claim recognized in *Colon I*. (Doc. 19, citing *Cullins v. Brunsman*, No. 3:08cv26, 2008 WL 2704854 (S.D. Ohio July 7, 2008) (Merz, M.J.) (unpublished)).

In *Cullins*, the Court reasoned that a stay was appropriate because it appeared that petitioner's claim was "not plainly meritless under Ohio law," there was an available state court remedy to pursue, and petitioner had "good cause" for his delay given that *Colon I* had only recently been decided. *Id.* at *2. The Court reasoned further that although the petition did not

4

contain any unexhausted claims because a claim based on *Colon I* had not been alleged as a ground for habeas relief, "Respondent does not assert that any attempt by Petitioner to amend to add his defective indictment claim would be barred by the statute of limitations or otherwise procedurally improper." *Id.*

The undersigned, however, is not persuaded by *Cullins* that a stay is warranted in this case. *Cullins* was decided before the Supreme Court of Ohio issued a second opinion on July 31, 2008 on the State's motion for reconsideration clarifying its decision in *Colon I*. *See State v. Colon*, 119 Ohio St.3d 204, 893 N.E.2d 169 (Ohio 2008) (*Colon II*). Specifically, the state supreme court expressly held in *Colon II* that its ruling in *Colon I* was prospective in nature and thus applicable only to cases pending on the date the decision was announced. *Colon II*, 119 Ohio St.3d at 205, 893 N.E.2d at 170.

Here, it is clear from the record that petitioner's case was not pending in the state courts when the *Colon I* decision was announced. Therefore, any claim that petitioner may seek to add based on *Colon* is "plainly meritless." In light of the Supreme Court of Ohio's clarification of *Colon I* in *Colon II*, it is now clear that *Colon I* is inapplicable to the case-at-hand and cannot be retroactively applied to petitioner's conviction and sentence which became "final" in 2006.[1] Accordingly, it would be an abuse of discretion under *Rhines* to grant a stay while petitioner pursues a futile claim based on *Colon* in the state courts. *See Rhines*, 544 U.S. at 277-78. Therefore, it is

---

[1] The Supreme Court has stated that "[s]tate convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *See Allen v. Moore*, Case No. 1:05cv731, 2007 WL 651248, at *4 n.1. (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (quoting *Beard v. Banks*, 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).

5

**RECOMMENDED** that petitioner's motion to stay habeas proceedings be **DENIED**.

Date: 3/24/09

Timothy S. Hogan
United States Magistrate Judge

6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES JACKSON,
Petitioner,

Civil Action No. 1:07-cv-507

vs.

Barrett, J.
Hogan, M.J.

ERNIE MOORE, WARDEN,
Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **TEN (10) DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Charles Jackson A486023<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4711 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-01-M-2509 |

1:07cv507 (Doc. 21)