**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Charles Jackson,

    Petitioner,

    v.                                        Case No. 1:07cv507

Warden, Lebanon Correctional          Judge Michael R. Barrett
Institution,

    Respondent.

## ORDER

Before the Court is the July 18, 2008 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 13) regarding Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 18)

**I.**     **FACTUAL BACKGROUND**

A Hamilton County jury found Petitioner guilty of charges stemming from robberies of four different Family Dollar stores. Each robbery was charged separately in four different indictments, but then consolidated for trial.

On December 2, 2004, with the assistance of new counsel, Petitioner appealed to the Ohio Court of Appeals, arguing his convictions were based on insufficient evidence and/or were against the manifest weight of the evidence; and sentencing errors were made

by the trial court. On November 9, 2005, the Ohio Court of Appeals found there was sufficient evidence to support the convictions, but remanded the case for resentencing. Petitioner did not appeal to the Ohio Supreme Court.

On December 22, 2005, the trial court resentenced Petitioner, imposing the identical aggregate sentence and making the appropriate findings as directed by the Ohio Court of Appeals.

On January 12, 2006, Petitioner, though appellate counsel, filed an application for reopening of the direct appeal with the Ohio Court of Appeals. Petitioner argued that his appellate counsel was ineffective for failing to argue the issue of prejudicial joiner of the for indictments for trial. On March 29, 2006, the Ohio Court of Appeals denied the application, holding that *res judicata* precluded the reopening of the appeal because Petitioner could have raised the joinder issue in an appeal to the Ohio Supreme Court. On May 12, 2006, Petitioner appealed this denial, *pro se*, to the Ohio Supreme Court. Petitioner argued that his right to due process and equal protection were denied because he was denied his timely filed application to reopen so that his Sixth Amendment right to effective assistance of counsel claim could be raised on direct appeal. The Ohio Supreme Court dismissed the appeal.

On June 13, 2006, Petitioner filed a *pro se* motion for leave to file a delayed appeal in the Ohio Court of Appeals, arguing he was deprived of due process, he was never put on notice that his maximum/minimum term of six years was to be enhanced at the sentencing, and his counsel was ineffective. On July 20, 2006, the Court of Appeals overruled Petitioner's motion for leave to file a delayed appeal.

On February 12, 2007, Petitioner filed a *pro se* notice of appeal and motion for

delayed appeal in the Ohio Supreme Court. On March 28, 2007, the Ohio Supreme Court denied Petitioner's motion for delayed appeal.

In his petition, Petitioner asserts four grounds for relief: (1) he was denied his federal constitutional right to a fair trial when he was subjected to a prejudicial joinder of the charges in violation of due process and equal protection; (2) he was subjected to suggestive identification which trial counsel failed to move to suppress, and appellate counsel failed to adequately raise on direct appeal; (3) illegal sentence in violation of *Blakely* and *Apprendi*; (4) illegal arrest, denial of expert witness and discovery, improper jury instruction and denial of direct appeal as of right and speedy trial.

## II.  MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends denying the petition. Regarding the first ground, the Magistrate Judge found Petitioner had procedurally defaulted his joinder claim because he failed to raise the issue as an independent claim of error to the Ohio Court of Appeals. The Magistrate Judge found that Petitioner could not demonstrate cause for the procedural default because he had also procedurally defaulted his ineffective assistance of appellate counsel claim. The Magistrate Judge also found that Petitioner could not demonstrate prejudice because he had not presented any new evidence of his actual innocence.

Regarding the second ground, the Magistrate Judge found that Petitioner could not support his ineffective assistance of trial counsel claim based on a failure to suppress the identification because trial counsel did in fact move to suppress the evidence. The Magistrate Judge also found that the claim was procedurally defaulted, and Petitioner could not rely on his claim of ineffective assistance of appellate counsel as cause for the default because he did not argue in his Rule 26(B) application to reopen that appellate counsel

was ineffective on this basis.  The Magistrate Judge also noted that Petitioner's assertion of the pretrial identification claim on appeal to the Ohio Supreme Court from the denial of his Rule 26(B) motion did not preserve the claim for habeas review because he had not presented the claim to the Ohio Court of Appeals.

As to the third ground for relief, the Magistrate Judge explained that Petitioner procedurally defaulted this claim, but had shown cause because Petitioner presented his appeal documents to the prison mail room such that his appeal should have been timely filed.  However, the Magistrate Judge found that Petitioner had not shown prejudice because Petitioner's *Blakely* claim was without merit.

### III.   ANALYSIS

In his objections, Petitioner argues that (1) he has shown cause for procedurally defaulting his joinder claim because he properly raised his claim of ineffective assistance of appellate counsel; (2) he has not procedurally defaulted his claims related to the pretrial identification because he has shown cause, prejudice, and actual innocence; and (3) the Magistrate Judge erred in finding that his *Blakely* claim had no merit.[1]

#### A.   **Procedural default of Ground One**

Petitioner argues that he properly raised his claim of ineffective assistance of appellate counsel in the Ohio courts, thereby excusing the procedural default of his prejudicial joinder claim.  If a petitioner wishes to rely on ineffective assistance of counsel to establish the cause for not previously asserting the substantive claims at an earlier opportunity in the state courts, the ineffective assistance of counsel claim must first be

---

[1] Petitioner has not objected to the Magistrate Judge's recommendation that Ground Four of his Petition was procedurally defaulted and waived.

presented to the state courts before a federal court can address the substantive claims in the petition. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

In Ohio, claims of ineffective assistance of appellate counsel may be raised in an application for reopening of the direct appeal. *See* Ohio App. R. 26(B). The application must be filed within ninety days from entry of the appellate judgment unless good cause is shown. Ohio App. R. 26(B)(1). Subsequent to the entry of the Magistrate Judge's R&R, the Supreme Court of Ohio decided *State v. Davis*, 894 N.E.2d 1221 (Ohio 2008). In *Davis*, the Supreme Court of Ohio held that the filing of a motion seeking a discretionary appeal in that court does not bar a ruling on the merits of a timely filed Rule 26(B) application to reopen an appeal on the grounds of ineffective assistance of appellate counsel. 894 N.E.2d at 1226. This decision is contrary to previous decisions, relied upon by the Magistrate Judge, which found that *res judicata* barred litigation of an effective assistance of appellate counsel not raised on direct appeal. Therefore, the Court finds that it is necessary to remand the Magistrate Judge's recommendation on Ground One of the petition for consideration of Petitioner's claim in light of *State v. Davis*, 894 N.E.2d 1221 (Ohio 2008). The Magistrate Judge may require additional briefing as he deems necessary.

### B.     Procedural default of Ground Two

The procedural default analysis applicable to Petitioner's claim in Ground Two differs from that in Ground One because Petitioner did not argue in his Rule 26(B) application to reopen that his appellate counsel was ineffective on the basis of the pretrial identification evidence. Therefore, because Petitioner has procedurally defaulted his ineffective assistance of appellate counsel, he cannot rely upon this claim as cause for the

default of his pretrial identification claim.

However, Petitioner argues that he is actually innocent of the crimes charged. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As the Magistrate Judge noted, Petitioner has failed to present any new evidence of his actual innocence to this Court. Therefore, because Petitioner has failed to show cause, prejudice, or actual innocence, the Court finds that Petitioner has procedurally defaulted Ground Two of the Petition.

**C.** **Merits of Ground Three**

The Court finds that the Magistrate Judge did not err in analyzing the merits of Petitioner's claim in Ground Three. Under Ohio Revised Code §2929.14(B), a sentencing court is not authorized to exceed the shortest prison term unless it finds that one of the exceptions in that section apply.[2] As the Magistrate Judge explained, at both the initial sentencing and resentencing, the trial court found that Petitioner had previously been convicted of robbery and served a prison term in 1997. The Magistrate Judge noted that *Blakely* confirmed that prior criminal convictions are an exception to its holding, so that

---

[2] Section 2929.14(B) provides:

Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02 or 2907.05 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

where a petitioner's sentences were enhanced, at least in part, because of his prior felony conviction and prison term, those facts need not be found by a jury. Accordingly, this Court adopts the finding of the Magistrate Judge that the trial court's use of Petitioner's prior conviction to enhance his sentence was neither contrary to, nor an unreasonable application of, clearly established United Supreme Court precedent.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court **ADOPTS in PART and REMANDS in PART** the September 24, 2008 Magistrate Judge's R&R. (Doc. 13) It is hereby **ORDERED** that:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED in PART with PREJUDICE**;

    a. Ground Two is procedurally defaulted and waived;

    b. Ground Three is without merit; and

    c. Ground Four is procedurally defaulted and waived;

2. This matter shall be **REMANDED** to the Magistrate Judge for further proceedings with respect to Ground One consistent with this Order;

3. A certificate of appealability shall not issue with respect to this Order dismissing Grounds Two and Four of the petition, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling;[3]

4. A certificate of appealability shall not issue with respect to this Order dismissing Ground Three of the petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on

---

[3]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

this claim; and

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

      */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court