UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Jackson,

    Petitioner,

    v.                                                                  Case No. 1:07cv507

Warden, Lebanon Correctional                      Judge Michael R. Barrett
Institution,

    Respondent.

## ORDER

Before the Court is the February 22, 2010 Magistrate Judge's Supplemental Report and Recommendation ("R&R") (Doc. 28) regarding Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R (Doc. 31), and also a Reply to Respondent's Return of Writ (Doc. 33).

### I.    BACKGROUND

A Hamilton County jury found Petitioner guilty of charges stemming from robberies of four different Family Dollar stores. Each robbery was charged separately in four different indictments, but then consolidated for trial. The details of the factual and procedural background in this matter have been covered in the Magistrate Judge's R&Rs (Docs. 13, 21 28). This matter is before the Court following a remand to the Magistrate

Judge based upon a change in the controlling law. This Court previously dismissed Grounds Two, Three, and Four of the Petition, and only Ground One remains pending.

## II.     MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends denying the petition as to Ground One. The Magistrate Judge concluded that the prejudicial joinder issue raised on Ground One was procedurally defaulted. The Magistrate Judge noted that Petitioner failed to raise this issue as an independent claim of error to the state appellate court on direct appeal of his conviction and sentence. The Magistrate Judge explained that under Ohio law, an issue that is not raised on direct appeal is barred from review based upon *res judicata*.

The Magistrate Judge then found that Petitioner's "cause" for the procedural default –ineffective assistance of appellate counsel– is without merit. The Magistrate Judge explained that in evaluating an ineffective assistance of appellate counsel claim, a court must assess the strength of the prejudicial joinder claim that appellate counsel failed to raise. The Magistrate Judge explained further that the failure to raise an issue on appeal could only be ineffective assistance of counsel if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.

The Magistrate Judge concluded that the prejudicial joinder claim has no reasonable probability of changing the outcome of Petitioner's appeal because under Ohio law, the trial court's decision to join the offenses is reviewed for an abuse of discretion. However, as the Magistrate Judge explained, to obtain habeas relief, a petitioner must establish that the joinder violated his federal due process rights under the Fourteenth Amendment; and misjoinder only rises to the level of a constitutional violation where it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial.

Following a review of the record, the Magistrate Judge found no constitutional violation. The Magistrate Judge noted that the trial court gave a limiting instruction to the jury, the prosecutor carefully explained the evidence which related to each separate offense during closing arguments, and the evidence of each robbery was simple and distinct. The Magistrate Judge also noted that Petitioner failed to allege how his ability to present a defense was compromised by the joinder of the four indictments. Accordingly, the Magistrate Judge found that the ineffective assistance of appellate counsel claim is without merit and cannot constitute "cause" for Petitioner's procedural default.

### III.  ANALYSIS

Petitioner argues that he is able to show actual prejudice because the evidence of each offense was not "simple and distinct." Petitioner points out that there is evidence that: (1) in one of the robberies, a disguise was used; (2) in one robbery, he allegedly entered the store as a customer; (3) there is a conflict regarding the timing of the fingerprint evidence; and (4) he alleges he was traveling to another state during one of the robberies. Petitioner also argues that the evidence of the various incidents would not be admissible for purposes of identification of the perpetrator.

This Court finds correct the Magistrate Judge's conclusion that because the record indicates that there is no merit to the joinder claim, there can be no ineffective assistance of appellate counsel based on counsel's decision to not raise those same arguments. As the Magistrate Judge pointed out, the trial judge gave the following instruction to the jury: "The charges set forth in each count of the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately, and you must state your finding as to each count uninfluenced by your verdict

as to the other count.  The defendant may be found guilty or not guilty of any one or all of the offenses charge."  Moreover, as the Magistrate Judge noted, in closing argument, the prosecutor emphasized the distinct nature of each offense and reviewed the evidence supporting each of the four incidents.  The prosecutor also reviewed each incident and outlined the elements of each count charged, and the evidence supporting each element.  The Magistrate Judge also noted the simple and distinct nature of each robbery.  The Magistrate Judge explained that each victim described the incident in which he or she was involved and identified Petitioner as the perpetrator.  The Magistrate Judge also explained that Petitioner presented alibi witnesses for each incident.

Accordingly, the Court concludes, as did the Magistrate Judge, that Petitioner's ineffective assistance of appellate counsel is without merit and cannot serve as cause for the procedural default of his prejudicial joinder issue.

## IV.     CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court **ADOPTS** the February 22, 2010 Magistrate Judge's Supplemental R&R.  (Doc. 28)  It is hereby **ORDERED** that:

1. Ground One of Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED with PREJUDICE**;

2. A certificate of appealability shall not issue with respect to this Order dismissing Grounds One of the petition, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling;[1]

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

4. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett, Judge
                                               United States District Court

---

grounds for relief. *See Slack*, 529 U.S. at 484.